IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| GLORIA PINTO, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No.: CBD-19-261 |
| | * | |
| SHOPPERS FOOD WAREHOUSE, | * | |
| LLC | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |
| | ***** | |

## <u>MEMORANDUM OPINION</u>

Before the Court is Defendant's Motion for Summary Judgment ("Defendant's Motion"),

ECF No. 15. The Court has reviewed Defendant's Motion, the opposition thereto, and

Defendant's Reply. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the

reasons set forth below, the Court GRANTS Defendant's Motion.

## I. Factual Background

On August 3, 2018, Plaintiff suffered a slip-and-fall accident at the Shoppers Food

Warehouse, LLC ("Shoppers") located in Clinton, Maryland, operated and controlled by

Defendant. Compl. ¶ 4, ECF No. 1. According to Plaintiff's deposition testimony, she was

walking through an aisle of the store with her son and grandchildren when she stepped in a

puddle of water and fell. Pinto Dep. 25:15–17, 29:8–30:20, ECF No. 15–2. Plaintiff does not

know the source of the water or how long it was on the floor before the accident. *Id.* at 33:10–

14. Plaintiff further stated that she had no reason to believe that Shoppers employees knew that

there was water on the floor. *Id.* at 33:15–34:6. Plaintiff also stated that after she fell, she did

not talk to any of the employees. *Id.* at 34:11–20.

Present with Plaintiff at the time of the accident, Plaintiff's son Rafael Huertas

("Huertas") also testified that he did not notice any water on the floor while walking through the

area in which Plaintiff fell. Huertas Dep. 14:5–8, ECF No. 15–3. Huertas stated that he had no

idea where the water came from or how long it was on the floor. *Id.* at 20:10–13. Huertas

further stated that he had no reason to believe that Shoppers employees knew that there was

water on the floor before the accident. *Id.* at 22:7–9.

James Hunter, the co-manager of the store at the time of the accident, testified that he

responded to the occurrence and found a small puddle of water near Plaintiff, but that he was

unable to locate the source of the water. Hunter Dep. 10:13–18, 21:10–12, ECF. No. 15–4.

Shoppers employee Gervey Letherbury ("Letherbury") testified that approximately five to ten

minutes prior to Plaintiff's fall, he had cleaned up another spill which was on the other side of

the same aisle. Letherbury Dep. 15:15–18, ECF No. 15–5. After cleaning the prior spill,

Letherbury testified that he walked up and down the aisle to make sure he did not miss a spot and

did not find any water on the floor. *Id.* at 12:15–14:12, 17:17–18, 25:20–26:18.

Following the fall, Plaintiff alleges that she sustained significant injuries to her hip, left

arm, and her entire left side. Pinto Dep. 43:5–44:10; Compl. ¶ 5. Defendant now moves for

summary judgment.

## II.     Standard of Review

A court may grant summary judgment "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact, and that the moving party is entitled to a judgment as a

matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A court must construe the facts alleged and reasonable inferences in favor of the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

To prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of fact exists and that it is entitled to judgment as a matter of law. *Pulliam Inv. Co., Inc. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. "[T]he burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

"Once the moving party discharges its burden . . . the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Kitchen v. Upshaw*, 286 F.3d 179, 182 (4th Cir. 2002). Where the nonmoving party has the burden of proof, it is that party's responsibility to confront the motion for summary judgment with affirmative evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). "The disputed facts must be material to an issue necessary for the proper resolution of the case." *Everett, Inc. v. Nat'l Cable Adver., L.P.*, 57 F.3d 1317, 1323 (4th Cir. 1995). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249 (citations omitted).

### III.    Analysis

Plaintiff alleges that Defendant's negligence in failing to warn patrons of an existing hazard, and failure to properly "maintain the premises of the store in a safe and prudent manner" caused Plaintiff's injuries.  Compl. ¶ 7.  Defendant argues that summary judgment should be granted in its favor because Plaintiff failed to produce enough evidence to support an inference that Shoppers negligently caused Plaintiff's accident.  The Court agrees with Defendant.

A possessor of land is subject to liability for harm to business invitees if, and only if he:

> (a) Knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

*Maans v. Giant*, 161 Md. App. 620, 626 (2005).  "[T]he proprietor of a store is not an insurer of his customers while they are on the premises, and no presumption of negligence on the part of the proprietor arises merely from a showing that an injury was sustained in his store." *Rawls v. Hochschild, Kohn & Co., Inc.*, 207 Md. 113, 118 (1955).  Further, the "burden is upon the customer to show that the proprietor created the dangerous condition or had actual or constructive knowledge of its existence prior to the invitee's injury." *Maans*, 161 Md. App. at 627–28 (citing *Lexington Mkt. Auth. v. Zappala*, 233 Md. 444, 446 (1964)).  In order to establish that Plaintiff had constructive knowledge of a dangerous condition, Plaintiff must show how long the dangerous condition existed. *Joseph v. Bozzuto Mgmt. Co.*, 173 Md. App. 305, 316 (2007). There is no duty for a proprietor of a store to continuously inspect the premises and correct conditions as they occur. *Tennant v. Shoppers Food*, 115 Md. App. 381, 390 (1997) (quoting *Zappala*, 233 Md. at 446)).

"In no instance can the bare fact that an injury has happened, of itself and divorced from all the surrounding circumstances, justify the inference that the injury was caused by negligence." *Rawls*, 207 Md. at 119 (citing *Benedick v. Potts*, 88 Md. 52, 55 (1898)). Although direct proof of negligence is not required, mere speculation is not enough to carry a customer's burden. *Id.*

In this case, Plaintiff has not provided evidence to support the inference that Shoppers employees created the alleged condition. Plaintiff testified that she did not know how the water came to be on the floor or how long it was there. Pinto Dep. 33:6–14. Further, Huertas also testified that he had no idea where the water came from or long it was on the floor. Huertas Dep. 20:10–13. Huertas stated that he had no reason to believe that Shoppers knew that there was water on the floor. *Id.* at 22:7–9. Both Plaintiff and Huertas were only able to definitively state that there was water on the floor, at the time of Plaintiff's fall. No evidence was provided as to the source of the water.

Moreover, Shoppers did not have actual or constructive notice that there was water on the floor. Letherbury stated that he was not aware of the water on the floor until after Plaintiff had fallen. Letherbury Dep. 26:3–27:7. There is no evidence as to how long water may have been on the floor so that Shoppers could have discovered it and cleaned the area in the exercise of its ordinary care. Letherbury did not find any trace of water after he visually inspected the entire aisle two times after cleaning a prior spill. *Id.* at 12:15–14:12, 15:15–18, 17:17–18, 25:20–26:18. Further, both Plaintiff and Huertas stated that they do not have reason to believe that the employees actually knew there was water on the floor. Huertas Dep. 22:7–9; Pinto Dep. 33:15–34:6. The Court finds, given the testimony of Plaintiff, Huertas, and Letherbury, that there is no

evidence that the water was on the ground for a period sufficiently long enough that Shoppers should have discovered it with the exercise of reasonable care.

Plaintiff's counter to the lack of evidence is that:

> A reasonable jury can find that the spill on which Ms. Pinto slipped and fell originated at the same time as the spill which Mr. Letherbury cleaned up a few minutes prior to Ms. Pinto's incident; and that Mr. Letherbury missed it while examining the area. Further, a reasonable jury can find that Mr. Letherbury tracked the water on his shoes, after cleaning up the initial spill, to the location where Ms. Pinto slipped and fell.

Pl.'s Opp. to Def.'s Mot., 1, 3. The Court has "an affirmative obligation to prevent factually unsupported claims and defenses from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987). Plaintiff speculates that the water may have come from the spill Letherbury cleaned prior to Plaintiff's accident. However, "[u]nsupported speculation is not sufficient to defeat a summary judgment motion." *Id.* Plaintiff has simply failed to come forward with specific facts permitting an inference that Defendant had actual knowledge of the dangerous condition. Therefore, the Court finds that there is no genuine issue for trial.

## IV. Conclusion

For the reasons set forth above, Defendants' Motion is GRANTED. Judgment shall be entered in favor of Defendant and the case shall be closed.

December 9, 2019                                    /s/
                                                     Charles B. Day
                                                     United States Magistrate Judge

CBD/hjd

6